RICHARD KAPLEN, PLAINTIFF-RESPONDENT, v. THE LABOR NATIONAL BANK OF JERSEY CITY, A CORPORATION, DEFENDANT-APPELLANT.

Submitted May 7, 1940—Decided July 3, 1940.

Before Justices TRENCHARD, BODINE and PORTER.

For the plaintiff-respondent, *Horace G. Davis.*

For the defendant-appellant, *Saul Nemser (Joseph Moritz, of counsel).*

The opinion of the court was delivered by

PORTER, J.   The judgment of the District Court under review was for the plaintiff-respondent for the amount of his deposit, expenses and title search fees, under contract to purchase a tenement property from the defendant-appellant.

The property was vacant and out of repair. It consisted of a public garage on the first floor and apartments above for

four families. It had previously been used for this purpose. The contract provided that the conveyance was to be made free and clear of all tenement house violations.

From the testimony and from the provisions of the contract it seems clear that the parties intended that the property was to be used when repaired for the same purpose.

The plaintiff-respondent alleges that he could not so use the property because such use would be in violation of the provisions of the Tenement House statute (*N. J. S. A.* 55:4-10); that failure to convey the property free and clear of said violations in accordance with the terms of the contract entitled him to the return of his down payment and expenses for which suit was instituted.

The defendant-appellant urges two grounds for reversal. First, that the court erred in not granting its motion for a direction of a verdict because there was no proof of any violation of the Tenement House law. Second, that the testimony of an inspector of the State Board of Tenement House Supervision, allowed over objection, was incompetent. He testified that the premises, because of the public garage and apartments for four families, constituted a violation of the statute. It is urged that this testimony is incompetent because it was an arbitrary conclusion of the witness who failed to point out any specific provisions of the law to support his conclusions. While it is true that he did not read nor quote the language of the statute he did state that the act prohibited a public garage being maintained in a tenement house. He stated what the law was and in detail pointed out the circumstances which prevented the use of the premises for tenement house purposes. We conclude that he was competent to so testify and that his failure to cite or read the pertinent provision of the statute did not render his testimony incompetent.

The parties had contracted to purchase and convey the premises free and clear of tenement house violations. The sole issue was whether there was such a violation. The plaintiff-respondent established by the proofs, as was his burden, that there was.

Finding no merit to the defendant-appellant's contentions the judgment is affirmed, with costs.